THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| NATASHA NICASIO,<br><br>                    Plaintiff,<br>v.<br><br>GENESIS HEALTH CLUBS MANAGEMENT, INC.<br><br>SERVE:  Rodney L. Steven II<br>            6100 Central Bldg 3<br>            Wichita, KS 67208<br><br><br>                    Defendants. | Case No. _____<br><br>**JURY TRIAL REQUESTED** |

# COMPLAINT

Plaintiff Natasha Nicasio states her causes of action against Defendant Genesis Health Clubs Management, Inc. ("Defendant or Genesis") as follows:

1. This is an action for discrimination and retaliation based on Plaintiff's gender and as a result of her of her claims of discrimination. Plaintiff's claims arise under Title VII of the Civil Rights Act of 1964.

2. Plaintiff a female, worked for Defendants from 2016 until she was constructively discharged in June 2021.

3. Throughout her tenure with Defendant, Plaintiff was subjected to ongoing severe and pervasive discrimination on the basis of her gender and because of her complaints of discrimination.

4. In June 2021, Plaintiff was forced to resign from her position after management made it clear that it would not address the ongoing problems with sexism she had described.

5. Plaintiff seeks all available legal and equitable remedies for discrimination and retaliation, including, back pay, front pay, compensatory damages, punitive damages, and attorneys' fees.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action under 28 U.S.C. § 1343, which provides for original jurisdiction in this Court for suits brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and by 28 U.S.C. § 1331, which provides original jurisdiction in this Court for suits arising under federal law; and with respect to Title VII, by 42 U.S. C. § 2000e-5(f)(3).

7. Plaintiff's action for damages is authorized by 42 U.S.C. § 2000e *et seq.*, which provides for redress, including actual and punitive damages and recovery of attorneys' fees, when an individual has suffered discrimination and retaliation on the basis of her gender.  This Court has jurisdiction over Plaintiff's claim because Plaintiff filed a timely Charges of Discrimination with the Equal Employment Opportunity Commission and received Right-to-Sue letters signed on October 15, 2021, and received thereafter.

8. Venue is proper in the United States District Court for the District of Kansas under 28 U.S.C. § 1391(b) because the events giving rise to Plaintiff's claims occurred in this District.

## PARTIES

9. At all times relevant to this lawsuit, Plaintiff Natasha Nicasio was a resident of Kansas.

10. Defendant Genesis Health Clubs Management, Inc., is a domestic for-profit corporation incorporated in Kansas.

## ADMINISTRATIVE PROCEEDINGS

11. On or about July 7, 2021, Ms. Nicasio filed a timely charge of discrimination against Genesis with the EEOC. A copy of Ms. Nicasio's charge is attached as Exhibit A.

12. On or about October 15, 2021, the EEOC mailed a notice of right to sue pursuant to Title VII to Ms. Nicasio, and she received it thereafter. A copy of the Right to Sue Notice is attached as Exhibit B.

13. This action has been filed with this Court within 90 days of Ms. Nicasio's receipt of the right-to-sue notice of from the EEOC. Ms. Nicasio has fully complied with all administrative prerequisites before filing this action.

## FACTUAL BACKGROUND

14. Plaintiff Natasha Nicasio worked for Defendant in various management capacities from 2016 until her constructive discharge in June 2021.

15. Plaintiff's first role was that of Corporate Wellness Representative. During her tenure in that role, Plaintiff earned positive performance reviews and was given more responsibility, but her salary never matched her workload, performance and responsibility.

16. In January 2017, Plaintiff received a promotion to Wellness Manager for 42 clubs. Although her responsibilities increased significantly, she did not receive a pay raise in conjunction with her additional work. Thus, her "promotion" merely required her to work harder for the same compensation.

17. In 2018 and again in 2019, Plaintiff applied for the position of Director of Corporate Sales. Although she was well qualified, she was passed over for promotion in favor men on both occasions.

18. During that time and ongoing throughout the entirety of her tenure with Genesis, Plaintiff was subjected to severe ongoing and pervasive sexist behaviors including:

    a. Being excluded from important meetings similarly situated men attended;

    b. Being excluded from company networking and team building functions such as football games and other social events that similarly situated men were invited to attend;

    c. Being deprived of financial perks and other non-monetary benefits afforded to other men in management such as relocation assistance, car allowances, gas cards, and expense reimbursement;

    d. Being excluded from "Round Table" meetings featuring company "higher ups," and being told that women were not permitted at the meetings because of "what the men do" at the meetings;

    e. Being referred to as a "diva" in a derogatory fashion by company CEO;

    f. Receiving pay cuts when the pay of similarly situated men was not cut; and

    g. Being excluded from bonuses, profit sharing and other contests offered to male managers and employees.

19. In March 2020, Plaintiff was furloughed during the COVID-19 pandemic. Although she was not receiving pay for her work, she continued to work during her furlough. On information and belief, male department heads received reduced salaries during furlough, while Plaintiff, the only female department head, was not paid at all.

20. On July 1, 2020, Rodney Stevens, CEO, announced a new organizational structure that featured all male hires. Plaintiff remained on furlough.

21. Plaintiff, the only female department head, was the last department head to return from furlough, even though the department Plaintiff led continued to be profitable during the furlough.

22. Upon her return from furlough on July 23, 2020, Plaintiff was given a "promotion" to Director of Corporate Sales. As with her previous promotion, however, Plaintiff did not receive any additional salary in conjunction with her increased responsibilities.

23. Plaintiff was also deprived of authority and resources she needed to perform the position, although, on information and belief, similarly situated men in that position had received both.

24. Further, defendant continued to engage in the same sexist behaviors described above in paragraph 18.

25. In summer of 2021, Plaintiff learned Genesis was cutting her pay to make up for losses in other departments. On information and belief, the salaries of similarly situated men remained the same.

26. On numerous occasions during her employment, Plaintiff raised with management issues concerning the discrimination she faced. On or about June 7, 2021, Plaintiff met with Jose Riveros, Vice President and her direct supervisor, who had been responsible for the disparate treatment she experienced. In her meeting, she specifically detailed her complaints of gender discrimination and pay disparity. Mr. Riveros did not respond to her complaints in a meaningful or otherwise manner.

27. In the face of Defendant's clear willingness to condone sexism and disparate treatment, Plaintiff had no other recourse but to separate.

## COUNT I
## GENDER DISCRIMINATION AND DISPARATE TREATMENT

28. Ms. Nicasio is female.

29. Ms. Nicasio was employed by Defendant Genesis in from 2016 until her constructive discharge in June 2021.

30. During her tenure with Genesis, similarly situated men were treated more favorably than Ms. Nicasio.

31. Senior management at Genesis, including Rodney Steven and Jose Riveros, created a corporate culture steeped in sexism where women were regularly excluded from decision-making and where women were paid less than men for the same or similar work. .

32. Ms. Nicasio reported her complaints of gender discrimination and disparate treatment, but no meaningful interventions were taken.

33. The gender discrimination Ms. Nicasio experienced ultimately resulted in her constructive discharge.

34. As shown by the foregoing, Ms. Nicasio suffered intentional discrimination at the hands of Defendants and Defendants' agents during the course of her employment with Defendants, based on her gender, in violation of Section 703(a) if Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a).

35. As a direct and proximate result of Defendants' actions and/or inaction, Ms. Nicasio has been deprived of income and other monetary and non-monetary benefits.

36. As a further direct and proximate result of Defendants' actions and/or inaction, Ms. Nicasio has suffered humiliation, emotional pain, distress, suffering, inconvenience, mental anguish, and related compensatory damages.

37. As shown by the foregoing, Defendants engaged in these discriminatory practices with malice or reckless indifference to the federally protected rights of Ms. Nicasio. Ms. Nicasio is therefore entitled to an award of punitive damages in an amount sufficient to punish Defendants or to deter it and other employers from like conduct in the future.

38. Ms. Nicasio is entitled to recover from Defendants reasonable attorneys' fees and costs of litigation, as provided in Section 706(k) of Title VII, 42 U.S.C. § 2000e-5(k).

WHEREFORE, Plaintiff Natasha Nicasio asks that the Court enter judgment in her favor, finding that she has been subjected to unlawful discrimination; for an award of back pay, including lost fringe benefits, bonuses, costs of living increases, and other benefits, including interest; for an award of front pay in a reasonable amount; for an award of compensatory and punitive damages under Title VII in a reasonable amount to be determined by the jury; for her costs expended; for her reasonable attorneys' and expert's fees; and for such relief as this Court deems just and proper.

## COUNT II
## HOSTILE WORK ENVIRONMENT/HARASSMENT BASED ON GENDER

39. Ms. Nicasio is female.

40. Ms. Nicasio was employed by Defendant Genesis from 2016 until her termination in June 2021.

41. During the course of Ms. Nicasio's employment, Defendant's owner and senior management officials, acting within the scope of their employment, engaged in gender discrimination and harassment against Ms. Nicasio, based on her sex, in violation of § 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).

42. The harassment was severe and pervasive and had the purpose and effect of unreasonably interfering with Ms. Nicasio's working conditions and performance thereby creating an intimidating, hostile, and offensive working environment.

43. The harassment caused severe anxiety, stress, and embarrassment to Plaintiff.

44. The conduct described in this Complaint would have offended a reasonable person of the same sex in Ms. Nicasio's position and was unwelcome.

45. Ms. Nicasio reported her concerns to her supervisor, but nothing was done to stop the harassment.

46. As a direct and proximate result of Defendant's actions, Ms. Nicasio has been deprived of income and other monetary and non-monetary benefits.

47. As a further direct and proximate result of Defendant's actions and/or inaction, Ms. Nicasio has suffered humiliation, emotional pain, distress, suffering, inconvenience, mental anguish, and related compensatory damages.

48. As shown by the foregoing, Defendant engaged in these discriminatory practices with malice or reckless indifference to the federally protected rights of Ms. Nicasio.  Ms. Nicasio is therefore entitled to an award of punitive damages in an amount sufficient to punish Defendant or to deter it and other employers from like conduct in the future.

49. Ms. Nicasio is entitled to recover from Defendant reasonable attorneys' fees and litigation costs, as provided in Section 706(k) of Title VII, 42 U.S.C. § 2000e-5(k).

WHEREFORE, Plaintiff Natasha Nicasio asks that the Court enter judgment in her favor, finding that she has been subjected to an unlawful conduct prohibited by 42 U.S.C. § 2000e *et seq*.; for an award of back pay, including lost fringe benefits, bonuses, costs of living increases, and other benefits, including interest; for an award of front pay in a reasonable amount; for an

award of compensatory and punitive damages under Title VII in a reasonable amount to be determined by the jury; for her costs expended; for her reasonable attorneys' and expert's fees; and for such relief as this Court deems just and proper.

## COUNT III
## RETALIATION

50. Ms. Nicasio's reports of gender-based harassment and disparate treatment, constituted protected action under Title VII, 42 U.S.C. § 2000e-3(a).

51. Ms. Nicasio's opposition to the discrimination she alleged was reasonable, unambiguous, and made in good faith.

52. After and because of her opposition to unlawful discrimination in the workplace, Ms. Nicasio experienced retaliation in the form of additional and ongoing disparate treatment and further interference with her ability to do her job, and ultimately her constructive discharge.

53. Defendants unlawfully retaliated against Ms. Nicasio for her protected activity. Defendants knowingly used false pretextual reasons to mask its unlawful retaliation. Defendants' conduct violated Ms. Nicasio's rights under Title VII, 42 U.S.C. § 2000e-3(a), and was undertaken willfully and maliciously so as to support an award of punitive damages.

WHEREFORE, Plaintiff, Natasha Nicasio asks that the Court enter judgment in her favor, finding that she has been subjected to unlawful discrimination; for an award of back pay, including lost fringe benefits, bonuses, costs of living increases, and other benefits, including interest; for an award of front pay in a reasonable amount; for an award of compensatory and punitive damages under Title VII in a reasonable amount to be determined by the jury; for her costs expended; for her reasonable attorneys' and expert's fees; and for such other relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff Natasha Nicasio requests a trial by jury on all claims in her Complaint that may properly be submitted to a jury.

**DESIGNATION OF PLACE OF TRIAL**

Plaintiff designates Kansas City, Kansas as the place of trial of this matter.

Respectfully submitted,

**DUGAN SCHLOZMAN LLC**

 /s/ *Mark V. Dugan*
Heather J. Schlozman, KS Bar # 23869
Mark V. Dugan, KS Bar # 23897
heathis@duganschlozman.com
mark@duganschlozman.com
8826 Santa Fe Drive, Suite 307
Overland Park, Kansas 66212
Telephone:  (913) 322-3528
Facsimile:   (913) 904-0213


**Counsel for Plaintiff**